Tyler Woods (SBN 232464)
tyler.woods@wilshirelawfirm.com
Peter J. Horton (SBN 227678)
peter.horton@wilshirelawfirm.com
Alan Wilcox (SBN 287476)
alan.wilcox@wilshirelawfirm.com
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALETTE OTT and LOIRA SANCHEZ, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>EATON CORPORATION, a corporation; POWER DISTRIBUTION INC., a corporation; JOSLYN SUNBANK COMPANY, LLC, a limited liability company; SURE POWER INC., a corporation; COOPER INTERCONNECT, INC., a corporation; EATON AEROSPACE, LLC, a limited liability company; and COOPER BUSSMAN, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 2:23-CV-04501-SPG-JC<br><br>**PLAINTIFFS' REVISED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        June 18, 2025<br>Time:        1:30 p.m.<br>Courtroom: 5C (Videoconference)<br>Judge:       Hon. Sherilyn Peace Garnett |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

## NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 18, 2025, at 1:30 p.m. in Courtroom 5C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, Plaintiffs Dalette Ott and Loira Sanchez will move this Court for entry of an Order certifying a class for settlement purposes pursuant to Federal Rules of Civil Procedure, Rule 23(e).

This motion is made on the grounds that the Settlement Agreement, which provides for a total, non-reversionary payment of $3,500,000.00 "is the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval," such that preliminary approval is appropriate. *In re Tableware Antitrust Litig.,* 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (quoting *Schwartz v. Dallas Cowboys Football Club, Ltd.,* 157 F. Supp. 2d 561, 570 n.12 (E.D. Pa. 2001)). Further, the proposed notice of settlement complies with due process requirements and is the "best notice that is practicable under the circumstances," as it provides Settlement Class Members (as defined below) an opportunity to fully assess the settlement, including Plaintiffs' motion for attorneys' fees and costs, before deciding whether to opt-out or submit objections. Fed. R. Civ. P. 23(c)(2)(B).

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Peter Horton and exhibits thereto, the Declaration of Plaintiff Loira Sanchez, the records, pleadings, and papers filed in this action, and any other documentary and oral evidence or argument that may be presented at the hearing.

## RELIEF SOUGHT

Plaintiffs (as defined below) respectfully request that the Court:

1                    No 2:23-CV-04501-SPG-JC
PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1    1.    Preliminarily certify the proposed class for settlement purposes under

2    Rule 23(e) of the Federal Rules of Civil Procedure;

3    2.    Preliminarily appoint Plaintiffs as the Class Representatives for

4    settlement purposes;

5    3.    Preliminarily appoint Wilshire Law Firm, PLC as Class Counsel for

6    settlement purposes;

7    4.    Preliminarily approve the class action settlement based upon the terms

8    set forth in the Class Action and PAGA Settlement Agreement ("Settlement

9    Agreement");

10    5.    Schedule a final fairness hearing to consider final approval of the

11    Settlement, class representative's incentive payments, entry of a proposed final

12    judgment, and Plaintiffs' motion for attorney's fees and costs;

13    6.    Appoint CPT Group, Inc. as the third-party settlement administrator for

14    administering the settlement, which includes mailing Notice of Class Action

15    Settlement ("Notice"); and

16    7.    Approve the proposed Notice and order that it be disseminated to the

17    proposed Settlement Class as provided in the Settlement.

Respectfully submitted,

Dated: May 15, 2025    **WILSHIRE LAW FIRM, PLC**

By: _____

Tyler Woods
Peter Horton
Alan Wilcox
Attorneys for Plaintiffs

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION AND RELIEF SOUGHT ......................1

MEMORANDUM OF POINTS AND AUTHORITIES............................................1

I.   INTRODUCTION...................................................................................1

II.  SUMMARY OF THE LITIGATION HISTORY AND SETTLEMENT .....1

    A.   The Settlement Occurred After Extensive Litigation .........................1

    B.   Settlement Negotiations and Agreement ............................................2

    C.   Key Terms of the Proposed Settlement ..............................................3

III. ARGUMENT..........................................................................................7

    A.   Class Certification is Appropriate for Settlement Purposes ...............7

        1.   The Elements Of Rule 23(A) Are Satisfied.............................8

            a)   Rule 23(a)(1): Numerosity ...........................................8

            b)   Rule 23(a)(2): Commonality .........................................8

            c)   Rule 23(a)(3): Typicality...............................................9

            d)   Rule 23(a)(4): Adequacy of Representation...................9

        2.   The Elements of Rule 23(b)(3) Are Satisfied ........................9

    B.   The Settlement Is Fair, Reasonable, and Adequate .........................11

        1.   The Strength of Plaintiffs' Case ............................................11

        2.   Risk, Expense, Complexity, and Duration of Further Litigation ...............................................................................12

        3.   Risk of Maintaining Class Action Status...............................13

        4.   Amount Offered in Settlement Given Realistic Value of Claims ...................................................................................13

        5.   Discovery Completed and the Status of Proceedings ............14

        6.   The Experience and Views of Counsel...................................15

    C.   The Settlement Meets the Requirements for Preliminary Approval..........................................................................................15

        1.   The Settlement is Within the Range of Possible Approval.....15

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

2.    The Settlement Resulted from Serious, Informed and
Non-Collusive Negotiations. ...................................................16

3.    The Settlement is Devoid of Obvious Deficiencies................16

a)    The Settlement terms are fair and reasonable...............16

b)    The Class Representatives will not receive
disproportionate payments to those of
class members ...........................................................17

c)    The Settlement's provisions for attorneys' fees and
costs are in the range that is routinely approved...........18

d)    The allocation of $75,000 to the State's share of
PAGA penalties effectuates PAGA's purposes ............19

D.    The Court Should Approve the Proposed Class Notice....................19

E.    The Court Should Set a Schedule for Final Approval ......................21

IV.    CONCLUSION………………………………………………………....21

Certificate of Compliance ......................................................................................23

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

ii

No 2:23-CV-04501-SPG-JC
PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1

# <u>TABLE OF AUTHORITIES</u>

2

STATE CASES

3
*Naranjo v. Spectrum Sec. Servs., Inc.,* 88 Cal.App.5th 937 (2023) ....................... 12

4
*Thurman v. Bayshore Transit Mgmt., Inc.,* 203 Cal.App.4th 1112 (2012) ............. 14

5

FEDERAL CASES

6
*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997) ........................................... 10

7
*Churchill Vill., LLC v. Gen. Elec.,* 361 F.3d 566 (9th Cir. 2004) .................... 19, 20

8
*D'Amato v. Deutsche Bank,* 236 F.3d 78 (2d Cir. 2001) ......................................... 16

9
*Eisen v. Carlisle & Jacquelin,* 417 U.S. 156 (1974) .............................................. 20

10
*Elliot v. Spherion Pacific Work, LLC,* 572 F.Supp.2d 1169 (C.D. Cal. 2008) ....... 12

11
*Gribble v. Cool Transports Inc.,* No. CV 06-04863 GAF SHx,

12
      2008 WL5281665 (C.D. Cal. Dec. 15, 2008) ................................................ 15

13
*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998) ............................ *passim*

14
*Hightower v. JP Morgan Chase Bank, NA,* No. CV 11-1802 PSG,

15
      2015 WL 9664959 (C.D. Cal. Aug. 4, 2015) ............................................... 17

16
*In re Apple Computer, Inc. Derivative Litig.,* No. C 06-4128 JF (HRL),

17
      2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov. 5, 2008) .......................... 16

18
*In re Hyundai & Kia Fuel Econ. Litig.* ("*Hyundai I*"),

19
      881 F.3d 679 (9th Cir. 2018) ...................................................................... 10

20
*In re Hyundai & Kia Fuel Econ. Litig.* ("*Hyundai II*"),

21
      926 F.3d 539 (9th Cir. 2019) ...............................................................9, 10, 11

22
*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ..................... 15, 16

23
*In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010)............ 18

24
*In re On-Line DVD Rental Antitrust Litig.,* 779 F.3d 934 (9th Cir. 2015) ............. 17

25
*In re Pac. Enter. Sec. Litig.,* 47 F.3d 373 (9th Cir. 1995) ............................... 15, 18

26
*In re Portal Software, Inc. Securities Litig.,*

27
      No. C-03-5138 VRW, 2007 WL 4171201 (N.D. Cal. Nov. 26, 2007) ......... 13

28
*In re Syncor ERISA Litig.,* 516 F.3d 1095 (9th Cir. 2008) .................................... 11

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

*In re Tableware Antitrust Litig.,* 484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............... 1

*LaFleur v. Med. Mgmt. Int'l, Inc.,* No. EDCV 13–00398–VAP (OPx),

      2014 WL 2967475 (C.D. Cal. June 5, 2014) ................................ 17

*Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507 (9th Cir. 1978) .................. 9

*Mazza v. Am. Honda Motor Co., Inc.,* 666 F.3d 581 (9th Cir. 2012) .................... 10

*Misra v. Decision One Mortg. Co.,*

      No. 07-0994 DOC, 2009 WL 4581276 (C.D. Cal. Apr. 13, 2009) .............. 21

*Nat'l Rural Telecomm. Coop. v. DIRECTTV, Inc.,*

      221 F.R.D. 523 (C.D. Cal. 2004)........................................... 12

*O'Connor v. Uber Technologies, Inc.,* 201 F.Supp.3d 1110 (N.D. Cal. 2016)....... 19

*Rodriguez v. West Publ'g Corp.,* 563 F.3d 948 (9th Cir. 2003) ........................... 11

*Schwartz v. Dallas Cowboys Football Club, Ltd.,*

      157 F. Supp. 2d 561 (E.D. Pa. 2001)....................................... 1

*Singer v. Becton Dickinson & Co.,*

      No. 08-821 IEG, 2010 WL 2196104 (S.D. Cal. Jun. 1, 2010)............... 18

*Stanton v. Boeing Co.,* 327 F.3d 938 (9th Cir. 2003) ................................ 7

*Stuart v. Radioshack Corp.,* No. C-07-4499 EMC,

      2010 WL 3155645 (N.D. Cal. Aug. 9, 2010) ............................ 18

*Syed v. M-I, LLC,* No. 1:12-cv-01718-DAD,

      2017 WL 714367 (E.D. Cal. Feb. 22, 2017)............................ 19

*Viceral v. Mistras Group, Inc.,* No. 15-cv-02198-EMC,

      2016 WL 5907869 (N.D. Cal. Oct. 11, 2016) ........................... 19

*Welling v. Allexy*, 155 F.R.D. 654 (N.D. Cal. 1994) .............................. 8

*Wright v. Linkus Enter., Inc.,* 259 F.R.D. 468 (E.D. Cal. 2009)..................... 20, 21

**STATE STATUTES**

8 Cal. Code Regs. § 13520 ................................................. 12

Labor Code § 226 ........................................................ 12

Cal. Labor Code § 2699 ................................................... 2

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FEDERAL STATUTES

Fed. R. Civ. P. 23 ............................................................................... 1, 7, 19

Fed. R. Civ. P. 23(a)............................................................................. 7, 8, 9

Fed. R. Civ. P. 23(b)....................................................................................9

Fed. R. Civ. P. 23(c)...........................................................................1, 19, 20

Fed. R. Civ. P. 23(e)....................................................................... *passim*

Fed. R. Civ. P. 23(h)...................................................................................18

TREATISES

Conte & Newberg, *Newberg on Class Actions* (4th ed. 2002) ....................... 7, 8, 15

Manual for Complex Litigation (3d ed. 1995)....................................... 15

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Dalette Ott ("Ott") and Loira Sanchez ("Sanchez") (collectively, "Plaintiffs") seek preliminary approval of a proposed $3,500,000.00 non-reversionary, class action settlement of this wage-and-hour case with Defendants Eaton Corporation ("Eaton Corporation"), Power Distribution, Inc. ("Power Distribution"), Joslyn Sunbank Company, LLC ("Sunbank"), Sure Power, Inc. ("Sure Power"), Cooper Interconnect, Inc. ("Cooper Interconnect"), Eaton Aerospace, LLC ("Eaton Aerospace"), Cooper Bussman, Inc. ("Cooper Bussman", and together with all other Defendants, "Defendants", and together with Plaintiffs, the "Parties"). The settlement will provide finality to a highly contested case, and, as set forth more fully below, the proposed settlement satisfies all the criteria for settlement approval under Federal Rules of Civil Procedure, Rule 23. The settlement was reached after extensive discovery, investigation, motion practice, and a mediation presided over by experienced wage and hour mediator, Monique Ngo-Bonnici, Esq., which ultimately led to the settlement.

Accordingly, the Parties respectfully request that the Court bring closure to this case by preliminarily approving the proposed settlement, certifying the proposed settlement class, approving the Notice, and scheduling a final approval hearing.

## II.    SUMMARY OF THE LITIGATION HISTORY AND SETTLEMENT

### A.    The Settlement Occurred After Extensive Litigation

On April 25, 2023, Plaintiffs filed a putative wage-and-hour class action in Ventura County on behalf of themselves and all hourly-paid, non-exempt employees in California against Defendants Cooper Interconnect and Eaton Corporation for: (1) failure to pay minimum and straight time wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay final wages at termination; (6)

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

failure to provide accurate itemized wage statements; (7) failure to indemnify employees for expenditures; and (8) violation of California's Unfair Competition Law, California Business and Professions Code §§ 17200, *et seq*. On June 8, 2023, Defendants removed this matter to federal court on the basis of diversity jurisdiction. Plaintiffs were unsuccessful in remanding the case back to state court. Declaration of Peter Horton in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ["Horton Decl."], ¶ 3.

On May 12, 2023, Plaintiff Sanchez sent notice to Defendants and the California Labor & Workforce Development Agency ("LWDA") alleging similar wage-and-hour violations pursuant to the Private Attorneys General Act ("PAGA") Cal. Labor Code §§ 2699, *et seq*. On September 15, 2023, Plaintiff Sanchez separately filed a PAGA-only action in the Ventura County Superior Court. *Id.* at ¶ 4. On November 8, 2024, Plaintiffs filed a First Amended Complaint against Defendants, consolidating the Class and PAGA actions and adding named Defendants Power Distribution, Sunbank, Sure Power, Eaton Aerospace, and Cooper Bussman. *Id.*

**B.    Settlement Negotiations and Agreement**

On August 14, 2024, the Parties participated in private mediation with experienced class action mediator, Monique Ngo-Bonnici, Esq. Horton Decl., ¶ 5. The mediation was conducted via Zoom. The settlement negotiations were at arm's length and, although conducted in a professional manner, were adversarial. The Parties went into mediation willing to explore the potential for a settlement of the dispute, but each side was also prepared to litigate their position through trial and appeal if a settlement had not been reached.

After extensive litigation, negotiations, and discussions regarding the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses, the Parties were able to reach a settlement the material terms of which are encompassed within the Settlement Agreement. *Id.* at ¶ 6. To be clear, and to

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12ᵗʰ Floor
Los Angeles, CA 90010-1137

comply with Federal Rules of Civil Procedure rule 23(e)(3), the Settlement agreement states all of the terms of the agreement between the Parties regarding the potential resolution of this matter. *Id.* Class Counsel believes that the proposed settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class Members in light of all known facts and circumstances, the risk of significant delay, the defenses that could be asserted by Defendants both to certification and on the merits, trial risk, and appellate risk. *Id.* at ¶ 15.

This settlement resolves the risk attendant with continued litigation. Class Counsel believes that the settlement amount is reasonable in light of Defendants' realistic range of exposure. Horton Decl., ¶ 7. This is a good result for the Class, particularly in light of the difficulty in certifying a class and continuing in litigation. Because of the proposed Settlement, Settlement Class Members will be able to receive timely, guaranteed relief and will avoid the risk of an unfavorable judgment. *Id.*

## C.    Key Terms of the Proposed Settlement

Under the Settlement Agreement, Defendant will pay Three Million Five Hundred Thousand Dollars and Zero Cents ($3,500,000.00) to resolve this litigation. Horton Decl., Ex. 1 (Amended Class Action and PAGA Settlement Agreement ["Settlement"]). The key terms include:

1.    Settlement Class: "means all individuals who were employed by Defendants in the State of California and classified as non-exempt employees during the Class Period." Settlement, § 1.5.

2.    Gross Settlement Amount: "means $3,500,000, which is the total amount Defendants agree to pay under the Settlement except as provided in Paragraph 4.1 below. The Gross Settlement Amount will be used to pay Individual Class Payments, Individual PAGA Payments, the LWDA PAGA Payment, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, Class

Representative Service Payments, and the Administration Expenses Payment." Settlement, § 1.22.

3. <u>Escalator</u>: "Based on a review of their records to date, Defendants estimate that there are approximately 1,815 Class Members and 230,896 Class Period Workweeks, with the Class Members all typically working similar positions, being scheduled to work the same number of hours each Workweek, 40 hours per Workweek (essentially no part-time employees), and at a similar rate of pay to one another, averaging $25.57 per hour. In the event the number of Class Period Workweeks exceeds 230,896 by more than 10% (*i.e., exceeds* 253,985), Defendants at their sole discretion, will either: (1) pay the pro rata percentage increase in excess of 10% to the Gross Settlement Amount to include the additional workweeks (*e.g.,* an 11% increase in workweeks would result in a 1% increase in the Gross Settlement Amount); or (2) reduce the Class Period to the date that 253,985 Class Period Workweeks are met, but not exceeded." Settlement, § 4.1.

4. <u>Distribution of Settlement Payments</u>: "An Individual Class Payment calculated by: (a) dividing the Net Settlement Amount by the total number of Class Period Workweeks worked by all Participating Class Members during the Class Period; and (b) multiplying the result by each Participating Class Member's Class Period Workweeks." Settlement, § 3.2.4. As to PAGA: "The Administrator will calculate each Individual PAGA Payment by: (a) dividing the amount of the Aggrieved Employees' 25% share of PAGA Penalties ($25,000) by the total number of PAGA Pay Periods worked by all Aggrieved Employees during the PAGA Period; and (b) multiplying the result by each Aggrieved Employee's PAGA Pay Periods. Aggrieved Employees assume full responsibility and liability for any taxes owed on their Individual PAGA Payment." Settlement, § 3.2.5.1.

5. <u>Release by Participating Class Members</u>: "All Participating Class Members, on behalf of themselves and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

release Released Parties from all claims that were alleged, or reasonably could have been alleged, based on the facts and claims alleged in the Operative Complaint and/or PAGA Notice, and ascertained in the course of the Action, including the following claims for relief: (i) failure to pay minimum and straight wages; (ii) failure to pay overtime wages; (iii) failure to provide meal periods; (iv) failure to authorize and permit rest periods; (v) failure to timely pay final wages during employment and at termination; (vi) failure to provide accurate itemized wage statements; (vii) failure to indemnify employees for expenditures; (viii) unfair business practices; (ix) unlawful time rounding; (x) failure to pay overtime, break premiums, and sick pay at the regular rate of pay; (xi) alleged violation of Labor Code sections 201, 202, 203, 204, 204b, 210, 216, 218, 218.5, 218.6, 223, 226, 226.3, 226.7, 432, 510, 512, 551, 552, 558, 1174, 1174.5, 1771, 1774, 1776, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 2800, 2802, 2804, and any applicable Industrial Welfare Commission Wage Orders; (xii) an alleged violation of Business & Professions Code section 17200, *et seq*.; and (xiii) all claims for damages, penalties, interest, attorneys' fees, costs, injunctive relief, restitution, and any other equitable relief in California statute, ordinance, regulation, common law, or other source of law. Except as set forth in Paragraph 5.3 of this Agreement, Participating Class Members do not release any other claims, including claims for vested benefits, wrongful termination, violation of the Fair Employment and Housing Act, unemployment insurance, disability, social security, workers' compensation, or claims based on facts occurring outside the Class Period." Settlement, § 5.2.

6.  <u>Release by Aggrieved Employees, including Participating Class Members Who Are Aggrieved Employees and Non-Participating Class Members Who Are Aggrieved Employees</u>: "All Aggrieved Employees, including Participating Class Members who are Aggrieved Employees and Non-Participating Class Members who are Aggrieved Employees are deemed to release, on behalf of themselves and their respective former and present representatives, agents, attorneys,

No 2:23-CV-04501-SPG-JC
PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

heirs, administrators, successors, and assigns, the Released Parties from all claims for PAGA penalties that were alleged, or reasonably could have been alleged, based on the facts and claims alleged in the Operative Complaint and/or PAGA Notice, and ascertained in the course of the Action, including claims for: (i) failure to pay minimum and straight wages; (ii) failure to pay overtime wages; (iii) failure to provide meal periods; (iv) failure to authorize and permit rest periods; (v) failure to timely pay final wages during employment and at termination; (vi) failure to provide accurate itemized wage statements; (vii) failure to indemnify employees for expenditures; (viii) unfair business practices; (ix) unlawful time rounding; (x) failure to pay overtime, break premiums, and sick pay at the regular rate of pay; (xi) alleged violation of Labor Code sections 201, 202, 203, 204, 204b, 210, 216, 218, 218.5, 218.6, 223, 226, 226.3, 226.7, 432, 510, 512, 551, 552, 558, 1174, 1174.5, 1771, 1774, 1776, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 2800, 2802, 2804, and any applicable Industrial Welfare Commission Wage Orders." Settlement, § 5.3.

7.    <u>Tax Allocation</u>: "20% of each Participating Class Member's Individual Class Payment will be allocated to settlement of wage claims (the "Wage Portion"). The Wage Portions are subject to tax withholding and will be reported on an IRS W-2 Form. The remaining 80% of each Participating Class Member's Individual Class Payment will be allocated to settlement of claims for interest and penalties (the "Non-Wage Portion"). The Non-Wage Portions are not subject to wage withholdings and will be reported on IRS 1099 Forms. Participating Class Members assume full responsibility and liability for any employee taxes owed on their Individual Class Payment." Settlement, § 3.2.4.1.

8.    <u>Attorneys' Fees and Costs</u>: The settlement provides that Class Counsel may seek up to 33-1/3% ($1,166,666.67) of the $3.5 million gross settlement fund for attorneys' fees, and up to $50,000 for their actual litigation expenses incurred. Settlement, § 3.2.2. Plaintiffs will make a separate motion for attorneys' fees and costs under Rule 23(h) on a later date.

9.    <u>Enhancement Awards to Class Representatives</u>: The Settlement provides for an Enhancement Award of $10,000 to each of the Class Representatives, Plaintiff Dalette Ott and Loira Sanchez, in recognition of their efforts on behalf of the Class. Settlement, § 3.2.1. If approved, Plaintiffs will receive this amount in addition to their Individual Settlement Payments. *Id*.

10.    <u>Settlement Administration Costs</u>: The Parties have agreed to use CPT Group, Inc. as the settlement administrator, with administration fees capped at $25,000. Settlement, § 3.2.3.

## III.    <u>ARGUMENT</u>

At preliminary approval, the Court first determines whether a class exists. *Stanton v. Boeing Co.,* 327 F.3d 938, 952 (9th Cir. 2003). Then, the Court evaluates whether the settlement is within the "range of reasonableness," and whether notice to the class and the scheduling of a final approval hearing should be ordered. *See, generally*, Conte & Newberg, *Newberg on Class Actions* § 11.25 (4th ed. 2002).

The Settlement here meets all the requirements for preliminary approval.

### A.    <u>Class Certification is Appropriate for Settlement Purposes</u>

When considering a request for certification of a settlement class for settlement purposes, the Court must first determine "whether the proposed settlement class satisfies the requirements of Rule 23 (a) of the Federal Rules of Civil Procedure applicable to all class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998).

At this stage, the Court only needs to make a preliminary determination as to the appropriateness of class certification for settlement purposes, not trial. In 2018, Congress changed Rule 23 by authorizing a court to send notice of a proposed settlement to the class if the parties have demonstrated that it is "likely" the court will be able to approve the settlement and "certify the class for purposes of judgment on the proposal" after a notice and objection period. Fed. R. Civ. P. 23(e)(1); Conte

& Newberg, *Newberg on Class Actions* § 13:17 (4th ed. 2002). The 2018 Advisory Committee Notes further explain:

> if a class has not been certified, the parties must ensure that the court has a basis for concluding that it likely will be able, after the final hearing, to certify the class. Although *the standards for certification differ for settlement and litigation purposes*, the court cannot make the decision regarding the prospects for certification without a suitable basis in the record. *The ultimate decision to certify the class for purposes of settlement cannot be made until the hearing on final approval of the proposed settlement*.

Fed. R. Civ. P. 23(e)(1) advisory committee's notes to 2018 amendment (emphasis added).

## 1.    The Elements Of Rule 23(A) Are Satisfied

### a)    *Rule 23(a)(1): Numerosity*

The first requirement of Rule 23(a) is that the class be so numerous that joinder of all members would be "impracticable." *See* Fed. R. Civ. P. 23(a)(1). Numerosity is satisfied with as few as 50-60 class members. *See Welling v. Allexy*, 155 F.R.D. 654, 656 (N.D. Cal. 1994). Here, numerosity is satisfied because there are approximately 1,815 Settlement Class Members – all of whom are identifiable from Defendants' records. Horton Decl., ¶ 16.

### b)    *Rule 23(a)(2): Commonality*

Rule 23(a) also requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The commonality requirement is permissively construed by the Ninth Circuit such that the "existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon,* 150 F.3d at 1019. Plaintiffs meet the criteria of Rule 23(a)(2) because the Settlement Class Members' claims turn upon answers to overarching common questions regarding Defendants' policies and procedures that are capable of class-wide resolution for settlement purposes,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

including whether Defendants had legally compliant policies and practices to correctly pay all meal and rest period premium wages owed to Settlement Class Members.

### c) *Rule 23(a)(3): Typicality*

Plaintiffs must establish that the "claims or defense of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).) This is a permissive standard that is met so long as the representative claims "are reasonably coextensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. Here, the named Plaintiffs were subject to the same policies that were challenged in the First Amended Complaint and all other filings.

### d) *Rule 23(a)(4): Adequacy of Representation*

Rule 23 also requires that "the representative parties fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).) To satisfy this element, Plaintiffs must establish that: (1) the class representatives do not have a conflict of interest; and (2) class counsel will adequately represent the interests of the class. *See Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978). Here, there is no conflict of interest between the Class Representatives and the proposed settlement class. Furthermore, Plaintiffs and Class Counsel are well qualified and willing to vigorously prosecute the interests of the Class. Indeed, Class Counsel are well-regarded and accomplished attorneys who are qualified and experienced in wage-and-hour class action litigation. Horton Decl., ¶¶ 40-50. Therefore, the adequacy requirement is satisfied.

### 2. The Elements of Rule 23(b)(3) Are Satisfied

In the Ninth Circuit, the general rule is that predominance is readily satisfied in the settlement context. *In re Hyundai & Kia Fuel Econ. Litig.* ("*Hyundai II*"), 926 F.3d 539 (9th Cir. 2019). This legal principle is set forth in detail in *Hyundai II*.

In *Hyundai II*, a putative class of consumers sued the automaker Hyundai under California consumer-protection law, among other claims, alleging that

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Hyundai "misled consumers throughout the United States by advertising inflated fuel economy standards" in particular vehicles. *Id*. at 553. The district court considered class certification for trial and for settlement. At first the court indicated that it was likely to deny class certification for trial. *In re Hyundai & Kia Fuel Econ. Litig.* ("*Hyundai I*"), 881 F.3d 679, 692-93 (9th Cir. 2018) (citing *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 590-92 (9th Cir. 2012)). Later, when asked to certify a class for settlement purposes, the district court determined that "such an [extensive choice-of-law] analysis," as *Mazza* required, "was not warranted in the settlement context." *Id*. at 700. Instead, consistent with *Hanlon v. Chrysler Corp.* 150 F.3d 1011 (9th Cir. 1998), the district court held that common questions, such as "[w]hether the fuel economy statements were in fact accurate" and "whether defendants knew that their fuel economy statements were false or misleading," predominated. *Id*. at 708 (Nguyen, J., dissenting) (alteration in original).

The Ninth Circuit reviewed the decision and a three-judge panel relied on *Mazza v. Am. Honda Motor Co.* 666 F.3d 581 (9th Cir. 2012) to reverse on appeal. *Id*. at 702-03 (majority opinion). The panel reasoned that, "[i]n failing to apply California choice of law rules, the district court committed a legal error" because, "[a]s explained in *Mazza*, the district court was required to apply California's choice of law rules." *Hyundai I*, 881 F.3d at 702. The distinction between certifying a class for trial or settlement, the panel concluded, was immaterial. *Id*. at 702-03.

An *en banc* panel of the Ninth Circuit then reversed that decision after a rehearing. The *en banc* panel clarified that "[t]he criteria for class certification are applied differently in litigation classes and settlement classes." *Hyundai II*, 926 F.3d at 556. In the settlement context, a district court assessing predominance "need not inquire whether the case, if tried, would present intractable management problems." *Id*. at 558 (quoting *Amchem Prods., Inc. v. Windsor* 521 U.S. 591, 620 (1997)). Reaffirming *Hanlon*, the *en banc* panel explained that common issues like whether the fuel economy statements were inaccurate and whether the automakers knew

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

about the inaccuracy were the sort of "common course of conduct by [a] defendant" that can establish predominance. *Id*. at 559.

Certification of a class for settlement purposes here is consistent with *Hyundai II* because, again, certification is <u>not</u> being sought in the context of trial and, as discussed below, there are many common issues among the class.

## B.    The Settlement Is Fair, Reasonable, and Adequate

"[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.,* 516 F.3d 1095, 1101 (9th Cir. 2008); *see also Hanlon*, 150 F.3d at 1027 (endorsing the trial court's "proper deference to the private consensual decision of the parties" when approving a settlement). This policy guides the Court in determining whether a settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1).

In determining whether a settlement is "fair, reasonable, and adequate", this Court may consider the following factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Rodriguez v. West Publ'g Corp.,* 563 F.3d 948, 963 (9th Cir. 2003). Plaintiffs address each relevant factor below.[1]

### 1.    The Strength of Plaintiffs' Case

Although Plaintiffs steadfastly maintain that their claims are meritorious, Plaintiffs acknowledge that Defendants possessed legitimate defenses to liability

---

[1] Because there are no government participants in the Lawsuits, Plaintiffs have omitted the seventh factor from discussion. Should the Court grant preliminary approval of the proposed settlement such that notice is given to the Settlement Class Members, Plaintiffs will address the eighth factor in their motion for final approval.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

and certification. Second, even if Plaintiffs prevailed at certification, Defendants could have successfully asserted defenses to Plaintiffs' wage statement and waiting time penalties claims. For example, Defendants possessed strong defenses to these derivative claims, since it can argue a "good-faith" dispute that any wages were due, thereby precluding the imposition of penalties. *See* 8 Cal. Code Regs. § 13520 (a "good-faith" dispute exists to waiting time penalties "when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist."); *see also Naranjo v. Spectrum Sec. Servs., Inc.,* 88 Cal.App.5th 937, 951 (2023) (applying a "willfulness" standard to the imposition of wage statement penalties under Labor Code § 226).

Moreover, because Plaintiffs' claims for civil penalties under PAGA were wholly derivative of the underlying Labor Code claims, Defendants could have successfully defeated or minimized Plaintiffs' PAGA claims if other claims were to fail. *See, e.g., Elliot v. Spherion Pacific Work, LLC,* 572 F.Supp.2d 1169, 1181-82 (C.D. Cal. 2008) ("Plaintiff's claim under the Private Attorneys General Act is wholly dependent upon her other claims. Because all of Plaintiff's other claims fail as a matter of law, so does her PAGA claim.").

In short, Plaintiffs' ability to certify, and prevail on their claims was far from guaranteed. Indeed, "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomm. Coop. v. DIRECTTV, Inc.,* 221 F.R.D. 523, 526 (C.D. Cal. 2004) (internal quotations omitted). Thus, this factor supports preliminary approval.

### 2.    Risk, Expense, Complexity, and Duration of Further Litigation

The Parties have already expended tremendous resources litigating this case.

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

This settlement avoids the risk of future litigation and the accompanying additional expense. *See, e.g., In re Portal Software, Inc. Securities Litig.,* No. C-03-5138 VRW, 2007 WL 4171201 (N.D. Cal. Nov. 26, 2007), at *3 (noting that the "inherent risks of proceeding to summary judgment, trial and appeal also support the settlement").

### 3.    Risk of Maintaining Class Action Status

The Court has not ruled on class certification as to Plaintiffs' claims for unpaid work time, meal period violations, and rest period violations. There would therefore be a risk that the Court would deny the certification of the class. Thus, this factor, too, supports preliminary approval of the settlement.

### 4.    Amount Offered in Settlement Given Realistic Value of Claims

As detailed immediately below, the Settlement provides a monetary recovery for the Settlement Class in the face of hotly disputed claims in this matter. Thus, preliminary approval is appropriate.

In preparation for mediation, Defendants provided Plaintiffs' counsel with randomized timekeeping and payroll records for the putative class members. Plaintiffs' counsel hired an expert to analyze this data and create a damages model. The damages model is based on an estimated 230,896 pay periods worked by putative class members and an average hourly rate of $25.57 per hour. Horton Decl. ¶ 16. Furthermore, as per the Settlement Agreement, Defendants represented that Class Members typically worked similar situations, were generally scheduled to work the same number of hours each Workweek (approximately 40 hours per week), there were essentially no part-time employees, and at a similar rate of pay. Settlement, § 4.1.

Based on the large class size, assuming Plaintiffs were able to prove all of their claims, Plaintiffs estimate that Defendants' potential liability for failure to pay for all hours worked, failure to provide meal periods, failure to authorize and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

permit rest periods, and derivative waiting time, wage statement, and PAGA civil penalties would be $36,771,742.93. Horton Decl. ¶ 25. Defendants vigorously disputes Plaintiffs' estimate and denies that any of Plaintiffs' claims have any merit. *Id.* at 18.

With respect to the failure to pay meal and rest period premium wages claims, failure to pay off the clock wages claim, and failure to reimburse business expenditures claim, Plaintiffs estimates that Defendants' potential maximum liability is more than $19.5 million, while its realistic liability is approximately $2.1 million. *Id.* at ¶ 25. Plaintiffs' expert also found that Defendants' potential maximum liability for derivative claims for statutory and civil penalties is approximately $17.2 million, while Defendants' realistic liability is approximately $3.4 million., although any award of PAGA penalties for this claim would raise Due Process concerns. *Thurman v. Bayshore Transit Mgmt., Inc.,* 203 Cal.App.4th 1112, 1135 (2012) (affirming trial court's finding that awarding the maximum PAGA penalties would be unjust); Horton Decl., ¶ 24. Plaintiffs predicted that the potential maximum recovery for all claims, including penalties, would be $36,771,742.93, and Defendants' realistic recovery would be $5,564,119.43. *Id.* at 25.

Weighing these factors, Plaintiffs' counsel believes that the $3,500,000.00 settlement amount is fair, reasonable, and adequate. Horton Decl. ¶ 27. The amount compensates Settlement Class Members for Plaintiffs' claims while avoiding the risk of continued litigation. *Id.*

### 5. Discovery Completed and the Status of Proceedings

The parties engaged in a significant amount of investigation, informal discovery, and analysis prior to reaching the proposed settlement. *Id.* at ¶ 14. Defendants responded to Plaintiffs' informal discovery in preparation for mediation, provided extensive information on the company's wage and hour policies and practices, provided the contact information for the Settlement Class

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Members, and produced thousands of pages of relevant documents. *Id*. It was only after the exchange of a substantial amount of data and information that the parties participated in a full-day mediation sessions and ultimately reached this proposed settlement. *Id.*

### 6.    The Experience and Views of Counsel

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enter. Sec. Litig.,* 47 F.3d 373, 378 (9th Cir. 1995). Here, Plaintiffs are represented by experienced wage and hour class action counsel who pressed Plaintiffs' claims forward against a large employer who retained the well-regarded firm Jackson Lewis P.C., which regularly litigates large, high-stakes cases throughout the country. Horton Decl., ¶¶ 40-50. Therefore, this factor strongly supports preliminary approval. *See, e.g., Gribble v. Cool Transports Inc.,* No. CV 06-04863 GAF SHx, 2008 WL5281665 (C.D. Cal. Dec. 15, 2008), at *9 ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.").

### C.    The Settlement Meets the Requirements for Preliminary Approval

At this stage, the Court can grant preliminary approval of the settlement and direct that notice be given if the proposed settlement: (1) falls within the range of possible approval; (2) appears to be the product of serious, informed and non-collusive negotiations; and (3) has no obvious deficiencies. *See* Manual for Complex Litigation § 30.41 (3d ed. 1995); Conte & Newberg, *Newberg on Class Actions* § 11:24-25 (4th ed. 2002). These criteria are met here.

### 1.    The Settlement is Within the Range of Possible Approval

As detailed above, the proposed settlement reflects a substantial recovery in light of real litigation risks to both merits and certification. Thus, the proposed settlement is within the range of possible approval, such that notice should be provided to the settlement class so that they can consider the settlement. *In re Mego*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1   *Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ("the Settlement amount

2   of almost $2 million was roughly one-sixth of the potential recovery, which, given

3   the difficulties in proving the case, is fair and adequate"). The Court will have the

4   opportunity to again assess the reasonableness of the settlement after the

5   Settlement Class has the opportunity to opt-out or object.

6          2.     **The Settlement Resulted from Serious, Informed and Non-**

7                 **Collusive Negotiations**

8          The Settlement is the product of a mediation session with the assistance of a

9   highly experienced wage and hour mediator Monique Ngo-Bonnici, Esq. *In re*

10  *Apple Computer, Inc. Derivative Litig.,* No. C 06-4128 JF (HRL), 2008 U.S. Dist.

11  LEXIS 108195 (N.D. Cal. Nov. 5, 2008) (mediator's participation weighs

12  considerably against any inference of a collusive settlement), *D'Amato v. Deutsche*

13  *Bank,* 236 F.3d 78, 85 (2d Cir. 2001) (a "mediator's involvement in pre-

14  certification settlement negotiations helps to ensure that the proceedings were free

15  of collusion and undue pressure.") At all times, the Parties' negotiations were

16  adversarial and non-collusive.

17         3.     **The Settlement is Devoid of Obvious Deficiencies**

18         The settlement contains none of the provisions that courts sometimes

19  identify as cause for concern.

20               a)     *The Settlement terms are fair and reasonable*

21         There are no deficiencies in the terms of the settlement. The settlement

22  provides for a pro rata distribution of the Net Settlement Fund based on each

23  Settlement Class Member's pay periods worked during the class period. In

24  addition, Settlement Class Members will not have to make claims to receive a

25  settlement payment. Each Settlement Class Member who can be located will be

26  mailed a payment automatically. To protect the interests of all Settlement Class

27  Members, the settlement incorporates procedures to ensure that as many Settlement

28  Class Members as possible can be located. Also, the release given by Settlement

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1  Class Members is limited to those claims that were or could have been alleged in

2  the Operative Complaint, and the other pleadings filed in the Lawsuits (as defined

3  in the Settlement Agreement) and the notices sent to the LWDA pursuant to PAGA

4  by or on behalf of the Plaintiffs.

5              **b)**    *The   Class   Representatives   will   not   receive*

6                       *disproportionate payments to those of class members*

7         The Class Representatives will not receive any premium above the amounts

8  received by other Settlement Class Members, but instead will receive settlement

9  shares calculated by the same method. Although the Class Representatives will be

10 eligible to receive an Enhancement Award in addition to their Individual

11 Settlement Payments, the settlement is not contingent on Court approval of the

12 Enhancement Awards. Any amount that is not approved by the Court will be added

13 to the Net Settlement Fund for Settlement Class Member Individual Settlement

14 Payments.

15        Moreover, the proposed $10,000.00 incentive awards to each Class

16 Representative are within the range that courts in this circuit routinely approve.

17 *See, e.g.*, *Hightower v. JP Morgan Chase Bank, NA,* No. CV 11-1802 PSG, 2015

18 WL 9664959 (C.D. Cal. Aug. 4, 2015), at *12 (approving $10,000 incentive awards

19 to each of seven lead plaintiffs in $12 million wage and hour settlement); *LaFleur*

20 *v. Med. Mgmt. Int'l, Inc.,* No. EDCV 13–00398–VAP (OPx), 2014 WL 2967475

21 (C.D. Cal. June 5, 2014), at *8 (approving incentive awards of $15,000 each to two

22 class representatives from $535,000 wage and hour class action settlement). The

23 total of $20,000.00 in a proposed incentive award comprises a mere 0.5% of the

24 gross settlement amount of $3,500,000.00, and it is therefore well within the range

25 of reasonableness. *See, e.g.*, *In re On-Line DVD Rental Antitrust Litig.,* 779 F.3d

26 934, 937-38 (9th Cir. 2015) (approving incentive awards that comprised in the

27 aggregate less than 1% of gross settlement value). Plaintiffs will provide

28 declarations in support of final approval detailing their active participation and the

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd. 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1  services they provided to the class.

2        **c)   *The Settlement's provisions for attorneys' fees and costs***
3             ***are in the range that is routinely approved***

4        The attorneys' fees and costs provisions of the Settlement are similarly fair

5  and reasonable. The settlement permits Class Counsel to seek attorneys' fees of up

6  to one-third of the gross settlement amount of $3,500,000.00, or $1,166,666.67. A

7  fee award of one-third of the common fund is consistent with fee awards made by

8  federal courts in the Ninth Circuit. *See, e.g., In re Pac. Enter. Sec. Litig*, 47 F.3d

9  373, 378-79 (9th Cir. 1995) (affirming fee award of one-third of settlement); *Singer*

10 *v. Becton Dickinson & Co.*, No. 08-821 IEG, 2010 WL 2196104, at *8-9 (S.D. Cal.

11 Jun. 1, 2010) (33.33% of wage and hour settlement "falls within the typical range

12 ... in similar cases"; citing awards of 33.33%-40%); *Stuart v. Radioshack Corp.,*

13 No. C-07-4499 EMC, 2010 WL 3155645 (N.D. Cal. Aug. 9, 2010), at *6 (awarding

14 one-third of settlement fund in wage-and-hour class action and noting that "[t]his

15 is well within the range of percentages which courts have upheld as reasonable in

16 other class action lawsuits"). The Court has expressed concern regarding

17 Defendants' agreement not to oppose Plaintiffs' Motion, but Sections 6.1-6.3 of

18 the Settlement required the Parties to work together to draft this motion and resolve

19 any disputes regarding this motion prior to filing it, and that agreement and

20 cooperation eliminated any potential issues which otherwise might have caused

21 Defendants to object to this Motion.

22      Moreover, Class Counsel will file a separate motion for attorneys' fees and

23 costs pursuant to Federal Rule 23(h) two weeks before the deadline for Settlement

24 Class Members to opt-out or object to afford Settlement Class Members a full

25 opportunity to review and comment on it. *See In re Mercury Interactive Corp. Sec.*

26 *Litig.*, 618 F.3d 988, 991 (9th Cir. 2010).

27 ///

28 ///

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1

2

         **d)**     *The allocation of $75,000 to the State's share of PAGA*
*penalties effectuates PAGA's purposes*

3

     The allocation of $100,000 to the PAGA claim, which amounts to a $75,000

4

payment to the LWDA for the State's share of PAGA penalties, is consistent with

5

recent authority regarding the allocation of settlement proceeds to PAGA in large

6

wage and hour class actions. In a combined class action and PAGA settlement of

7

wage and hour claims, "the Court must evaluate the adequacy of compensation to

8

the class as well as the adequacy of the settlement in view of the purposes and

9

policies of PAGA. In doing so, the court may apply a sliding scale. For example,

10

if the settlement for the Rule 23 class is robust, the purposes of PAGA may be

11

concurrently fulfilled." *O'Connor v. Uber Technologies, Inc.,* 201 F.Supp.3d 1110,

12

1134 (N.D. Cal. 2016).

13

     Applying the sliding scale analysis, courts have held that comparable

14

allocations to PAGA penalties in a class action settlement fulfill the purposes of

15

PAGA and warrant approval. *See, e.g., Syed v. M-I, LLC,* No. 1:12-cv-01718-DAD,

16

2017 WL 714367 (E.D. Cal. Feb. 22, 2017), at *13 (granting preliminary approval

17

of allocation of $100,000 to PAGA penalties from gross settlement of $3.95

18

million settlement of California wage and hour claims); *Viceral v. Mistras Group,*

19

*Inc.,* No. 15-cv-02198-EMC, 2016 WL 5907869 (N.D. Cal. Oct. 11, 2016), at *9

20

(granting preliminary approval of allocation of $20,000 to PAGA penalties from

21

$6 million settlement based on overall quality of settlement balanced against

22

litigation risks).

23

     **D.**     **<u>The Court Should Approve the Proposed Class Notice</u>**

24

     Rule 23(c)(2)(B) requires that absent class members receive the "best notice

25

that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). "Notice is

26

satisfactory if it generally describes the terms of the settlement in sufficient detail to

27

alert those with adverse viewpoints to investigate and to come forward and be heard."

28

*Churchill Vill., LLC v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir. 2004) (internal

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12ᵗʰ Floor
Los Angeles, CA 90010-1137

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

quotations marks and citations omitted). Such notice is reasonable if mailed to each member of a settlement class "who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176 (1974).

The proposed Notice meets all of the requirements. The Notice will be provided in English. The Notice explains in plain and easily understood language: what the case is about; the class definition and claims; the settlement amount and approximate individual amount each Settlement Class Member will receive; the requested amounts to be paid to Class Counsel and as Enhancement Awards to the Class Representatives; the rights of Settlement Class Members to appear through attorneys; the rights of Settlement Class Members to opt-out or object to the Settlement's terms and the process by which they can do so; the binding effect of the Settlement on those who do not request exclusion, including a description of the claims being released; and the particulars of the final fairness hearing. Settlement Class Members whose Notices do not have to be remailed will have 45 days to decide whether to opt out or object to the Settlement. *See* Settlement, Ex. A (Class Notice). The deadlines for Class Members' written objections, challenges to Class Period Workweeks and/or PAGA Pay Periods, and Requests for Exclusion will be extended an additional 14 days beyond the 45 days otherwise provided in the Class Notice for all Class Members whose notice is re-mailed. Settlement, § 7.4.4.

The Parties' proposed plan for directing notice to the Class is also "the best notice that is practicable under the circumstances." Using last-known addresses provided by Defendants, the Settlement Administrator will send the Notice by First Class U.S. Mail to all Settlement Class Members. Further, the Settlement Administrator will perform skip traces to obtain the correct address of any Settlement Class Members for whom the Notice is returned as undeliverable, and shall attempt re-mailings where new addresses are ascertained.

For these reasons, the Settlement's plan for directing notice to Settlement Class Members satisfies Rule 23(c)(2)(B). *See, e.g., Wright v. Linkus Enter., Inc.,*

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

259 F.R.D. 468, 475 (E.D. Cal. 2009); *Misra v. Decision One Mortg. Co.,* No. 07-0994 DOC, 2009 WL 4581276, *9 (C.D. Cal. Apr. 13, 2009).

### E.    The Court Should Set a Schedule for Final Approval

Because the case meets the requirements for certification of a settlement class and the Settlement meets the requirements for preliminary approval, the Court should direct notice to issue and set a final fairness hearing to decide whether to grant final approval to the Settlement, as well as whether to grant the Class Representative's application for an award of service payments and Class Counsel's motion for attorney's fees and costs. *See* Fed. R. Civ. P. 23(e)(2).

Plaintiffs request that the Court set the Final Approval hearing for October 20, 2025, or the earliest available date thereafter. As reflected in the proposed order submitted herewith, Plaintiffs further request that the Court order the following briefing schedule:

| | |
|---|---|
| Plaintiffs' motion for attorneys' fees and costs | 14 days before the deadline for Settlement Class Members to submit objections to the settlement |
| Plaintiffs' motion for final approval of the settlement and for Class Representative service payments | 28 days before the Final Approval Hearing |
| Defendant's Counsel shall file with the Court a declaration attesting that CAFA Notice has properly been served pursuant to 28 U.S.C. §1715 | 14 days before the Final Approval hearing |
| Reply briefs, if any | 14 days before the Final Approval hearing |

///

///

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    IV.    <u>CONCLUSION</u>

2          For the foregoing reasons, Plaintiffs' counsel respectfully requests that the

3    Court grant preliminary approval of the proposed class action settlement.

4                                    Respectfully submitted,

5    Dated: May 15, 2025            **WILSHIRE LAW FIRM, PLC**

6

7                              By: _____

8                                    Tyler Woods
                                     Peter Horton
                                     Alan Wilcox
9                                    Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1

**Certificate of Compliance Pursuant to Local Rule 11-6.2**

2    The undersigned, counsel of record for Plaintiffs Dalette Ott and Loira Sanchez,

3    certifies that this brief contains 6,956 words, which complies with the word limit of

4    L.R. 11-6.1.

5

6    Dated: May 15, 2025          _Pet / Hort_

                                    Peter Horton

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No 2:23-CV-04501-SPG-JC

PLAINTIFFS' REVISED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT